IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| J.C., | : |
|     Plaintiff, | : |
| VS. | : |
| | :    **1 : 20-CV-70 (TQL)** |
| Commissioner of Social Security, | : |
|     Defendant. | : |

**ORDER**

Plaintiff filed this Social Security appeal on April 21, 2020 challenging the Commissioner's final decision denying her application for disability benefits, finding her not disabled within the meaning of the Social Security Act and Regulations. (Doc. 1). Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3).

*Legal standards*

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that

a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

*Administrative Proceedings*

Plaintiff filed applications for disability and Supplemental Security Income benefits in February 2016, alleging disability since March 17, 2012. (T-189-197). Her claims were denied initially and upon reconsideration. (T-56-57, 82-83). A hearing was held before an ALJ in February 2019. (T-32-55). In a hearing decision dated May 6, 2019, the ALJ determined that Plaintiff was not disabled. (T-14-31). The Appeals Council denied Plaintiff's request for review. (T-1-8).

*Statement of Facts and Evidence*

Plaintiff, born on November 16, 1954, was 64 years of age at the time of the ALJ's May 2019 decision. (T-212). Plaintiff alleges disability since March 17, 2012, due to severe migraines, sleep apnea, high blood pressure, seizures, anxiety, depression, and vertigo. (T-212, 224). Plaintiff completed high school and three (3) years of college, and has past relevant work experience as a case manager for a county Department of Families and Children Services office. (T-225). As determined by the ALJ, Plaintiff suffers from one (1) severe impairment in the form of a seizure disorder. (T-20). The

ALJ found that the Plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment, and remained capable of performing work activity at all exertional levels with certain limitations. (T-21-22). The ALJ determined that Plaintiff could return to her past relevant work as a case manager, and that she thus was not disabled. (T-24-25).

## DISCUSSION

Plaintiff contends that the ALJ failed to account for her migraines and mental impairments in determining her residual functional capacity. Plaintiff contends that the ALJ should have properly accounted for her chronic migraines, seizures, panic disorder with agoraphobia, and major depression in assessing her residual functional capacity.

The ALJ's RFC determination is "an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite [her] limitations." *Lewis,* 125 F.3d at 1440; *see also Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004) (ALJ must consider all of the record evidence in making a RFC determination). A claimant's residual functional capacity is the most she can do despite her limitations and is based on all the relevant evidence in the case record, including her medical history, medical signs and laboratory findings, the effects of treatment, daily activities, recorded observations, and any medical source statements. 20 C.F.R. § 404.1545. Relevant evidence includes medically determinable impairments that are not "severe". *Id.* In order for Plaintiff to establish functional limitations from impairments, "a diagnosis or a mere showing of a deviation from purely medical standards of bodily perfection or normality is insufficient; instead, the claimant must show the effect of the impairment on her ability to work." *Wind v. Barnhart*, 133 F. A'ppx 684, 690 (11th Cir. 2005).

The ALJ found that

> [in addition to Plaintiff's severe impairment in the form of a seizure disorder, t]he record also establishes the presence of medically-determinable impairments: hypertension, hypothyroidism, aortic valve disorder, vertigo, migraine headaches, obesity and obstructive sleep apnea. These impairments appear in the record, yet there is no evidence that these impairments resulted in lasting sequelae. The evidence does not reveal that these impairments result in any work-related limitations.
>
> . . .
>
> The claimant's medically determinable mental impairments of depression, anxiety, and panic disorder with agoraphobia, considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore non-severe.
>
> . . .
>
> [T]he claimant has the residual functional capacity to perform work at all exertional levels . . . except she can never climb ladders, ropes, or scaffolds. Additionally, she must avoid concentrated exposure to hazards, such as unprotected heights and dangerous moving mechanical parts.

(T-20, 22).

In support of her argument, Plaintiff details her medical treatment history, including treatment by Dr. Michael Price, beginning in 2010, for a seizure disorder and migraines. According to Plaintiff, Dr. Price recommended that Plaintiff be evaluated for depression, and treated Plaintiff's seizures with various medications, some of which Plaintiff had difficulty tolerating. Under Dr. Price's treatment, Plaintiff's seizures were brought under control with medication but Plaintiff's headaches increased. Dr. Stanley Williamson performed a consultative examination of Plaintiff and diagnosed her as suffering from migraines. Dr. Ann Jacobs performed a consultative psychological evaluation, finding

4

that Plaintiff suffered from migraines and depression, had difficulty leaving home, a low stress tolerance, and some difficulty relating to the public. Plaintiff was seen by neurologists in January and November 2017 for treatment of her migraines, and underwent an occipital nerve block.

Plaintiff testified that her seizure medications were effective but cause drowsiness, and that some level of seizure medications affected her medications for migraines. Her depression and stress worsened with headaches and she had difficulty leaving the house, sometimes going two to three days without leaving home.

Plaintiff asserts that the ALJ's determination that her migraines and mental conditions, including a panic disorder and depression, did not significantly limit her ability to carry out work activity, was not supported by substantial evidence.

To the extent that Plaintiff alleges that the ALJ erred in failing to find that her migraines and mental impairments were severe impairments, Step Two "acts as a filter; if no severe impairment is shown the claim is denied, but the finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement of step two." *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987).

Inasmuch as the ALJ herein found that the Plaintiff suffered from a severe impairment in the form of a seizure disorder, and thereafter proceeded through the sequential evaluation process, the ALJ did not err in failing to find other severe impairments at Step Two. *Id*. Moreover, the Plaintiff has not satisfied her burden of establishing that her other conditions qualify as severe impairments in that they limit her ability to perform work activity. In *McCruter v. Bowen*, 791 F.2d 1544 (11th Cir. 1986), the Eleventh Circuit clarified that "the 'severity' of a medically ascertained disability must be

measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *Id.* at 1547. The record does not contain work-related restrictions resulting from Plaintiff's migraines and mental conditions. To the extent that Plaintiff contends that the finding of more severe impairments would have resulted in a more restrictive residual functional capacity assessment, the ALJ considered the alleged effects of Plaintiff's alleged impairments in determining her residual functional capacity. Thus, the ALJ's findings regarding the presence of severe impairments is supported by substantial evidence.

Plaintiff further contends that the ALJ improperly noted that her statements regarding symptoms was inconsistent with the evidence of migraines, and that the ALJ improperly found that her migraines and seizures were controlled by medication. However, as the Commissioner argues, the objective medical record shows that Plaintiff's headaches were found by a treating physician to be "markedly improved" with medication as of January 2016, when Plaintiff also denied suffering from anxiety and depression. (T-569). Plaintiff often denied headaches and psychological symptoms upon examination (T-750, 799, 801, 804, 805, 806, 807, 810, 812, 814, 817, 819, 820, 952, 970, 979). The record does not reveal any ongoing psychiatric treatment for Plaintiff beyond the prescription of medication for depression by her primary care physician.

To the extent that Plaintiff relies on *Vega v. Commissioner of Social Security*, 265 F.3d 1214 (11th Cir. 2001) for the contention that the ALJ should have discussed Plaintiff's diagnosis of chronic migraines and found her migraine condition to be severe, the court in *Vega* found that the ALJ should have acknowledged the diagnosis of chronic fatigue syndrome and reviewed how its symptoms affected the claimant's ability to work. Here, the ALJ acknowledged the diagnoses of migraine headaches and certain mental conditions, but found that the record did not support a finding that these

conditions were severe impairments. (T-20). As the ALJ noted the migraine and mental conditions, but found that these conditions did not impose significant limitation function, the ALJ properly explained and considered these diagnoses. *See Lipscomb v. Commissioner of Social Sec.,* 199 F. A'ppx 903, 906 (11th Cir. 2006).

Plaintiff also contends that the ALJ improperly failed to include any mention of limitations related to working with the public or dealing with stress in hypotheticals to the Vocational Expert, despite giving great weight to the findings of consultative psychological examiner Dr. Jacobs, who issued these limitations. Plaintiff maintains that the ALJ's finding that she had no limitation interacting with others and with authority figures therefore is not supported by the evidence of record. Similarly, Plaintiff asserts that the ALJ accorded great weight to the findings of consultative examiner Dr. Williamson, but did not adopt Dr. Williamson's finding that Plaintiff was limited to sedentary work.

In her findings regarding Dr. Jacobs and Dr. Williamson, the ALJ accorded each physician's opinion great weight, as each "showed claimant had [] limitations, but [did not find limitations] so severe as to preclude work activity, which [finding] is supported by the record." (T-23). The ALJ then cited to the record. Thus, the ALJ assigned great weight to these opinions, but only to the extent that the opinions were consistent with the record to which the ALJ cited.

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart,* 284 F.3d 1219, 1227 (11th Cir. 2002). The ALJ did not adopt, nor was she required to adopt, any additional limitations associated with Plaintiff's working with the public or dealing with stress. Plaintiff did not establish that these additional limitations were supported by the record or that they

7

otherwise significantly affected Plaintiff's ability to perform work activity.

"The ALJ is not required to include in any hypothetical question to the VE claims of impairments that he has found unsupported." *Dent v. Astrue*, 2009 WL 3418155 (M.D.Ga.) (citing *Crawford v. Comm'r.of Social Security,* 363 F.3d 1155, 1161 (11th Cir. 2004)). Accordingly, there was no error in the ALJ's failure to include any issues related to working with the public or dealing with stress in the hypotheticals posed to the VE.[1]

Further, Plaintiff's assertion that the ALJ erred in not adopting Dr. Williamson's finding that she was limited to sedentary work is not cause for remand for the additional reason that the ALJ ultimately determined that Plaintiff could return to her past relevant work, which Plaintiff admits was considered sedentary in its exertional level.

***Conclusion***

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, the Commissioner's decision is **AFFIRMED** pursuant to Sentence Four of § 405(g).

**SO ORDERED**, this 26th day of August, 2021.

s/ *Thomas Q. Langstaff*
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Plaintiff's contention that the ALJ erred in failing to apply Social Security Ruling 19-4p is without merit, as this regulation was not in effect until after the ALJ issued her decision herein, and it does not appear that Plaintiff is specifically challenging an element of the Appeals Council's decision. *See Nelson v. Commissioner of Social Security*, 2021 WL 1207753, at *4, n.5 (M.D.Fla. 2021).